UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BLAKE HUDSON,

    Petitioner,                Case No. 2:18-cv-10870

v.                               HON. GEORGE CARAM STEEH
                                   UNITED STATES DISTRICT JUDGE
CARMEN PALMER,

    Respondent.
_____/

**<u>ORDER DISMISSING WITHOUT
PREJUDICE FOR FAILURE TO EXHAUST</u>**

David Blake Hudson, a Michigan state prisoner, seeks a writ of habeas corpus. He challenges the trial court's jurisdiction, because it failed to provide him with counsel during his preliminary examination. The Court will deny the petition for writ of habeas corpus without prejudice because Petitioner has not shown exhaustion of state court remedies.

**I.**

In 2005, following a guilty plea, Petitioner was convicted of unarmed robbery and sentenced to probation. Upon violation of his probation, he was sentenced to a term of one to fifteen years. He failed to file a timely application for leave to appeal his original sentence or his sentence on the violation of probation. Years later, in 2017, Petitioner filed two applications

- 1 -

for leave to appeal; both were denied. He did not appeal those denials to the Michigan Supreme Court. Petitioner also filed a motion for relief from judgment, arguing that the Circuit Court was without jurisdiction due to its failure to appoint counsel during the preliminary examination, along with a writ of mandamus, in the Oakland County Circuit Court. The court denied both motions. Petitioner has not appealed these motions to the Michigan Court of Appeals or the Michigan Supreme Court.[1]

**II.**

In the instant habeas petition, Petitioner sets forth one claim of error, asserting that the Oakland County Circuit Court lacked jurisdiction over the case because it failed to provide him with the assistance of counsel during his preliminary examination. Petitioner has failed to exhaust this claim in state court and the petition will be dismissed without prejudice on that basis.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The district court has a duty to raise any

---

[1] The Court takes judicial notice of and obtained this information from the publicly available docket sheet for the criminal case in the Oakland County Circuit Court, *People v. Hudson*, No. 2004-1982930FH) and the Michigan Court of Appeals and Supreme Court, *People v. Hudson*, Nos. 339182 and 338771. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (courts may take judicial notice of proceedings in other courts).

exhaustion issues *sua sponte.* See *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke,* 49 F. Supp. 2d 992, 998 (E.D.Mich.1999); *Morse v. Trippett,* 37 F. App'x. 96, 103 (6th Cir.2002).

While it is true that "the exhaustion requirement is not a jurisdictional one," *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir.2005), the Supreme Court requires state prisoners to give state courts an opportunity to resolve federal constitutional claims before seeking a writ of habeas corpus in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). "[T]he exhaustion rule protects "the state court's role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." *Matlock v. Rose,* 731 F.2d 1236, 1240 (6th Cir.1984) (quoting *Rose v. Lundy,* 455 U.S. 509, 518 (1982)).

Petitioner has the burden to prove exhaustion, and he has failed meet this burden. See *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A review of the state court record shows that Petitioner has not appealed his motion for relief from judgment to the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner must first exhaust his state-court remedies prior

to seeking habeas relief in federal court. The petition for a writ of habeas corpus is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2018

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 5, 2018, by electronic and/or ordinary mail and also on David Blake Hudson #514702, Michigan Reformatory 1342 West Main Street, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk